1   MICHAEL J. CURLS (SBN 159651)
    NICHELLE D. JONES (SBN 186308)
2   **LAW OFFICE OF MICHAEL J. CURLS**
    4340 Leimert Blvd., Suite 200
3   Los Angeles, CA 90008
    Telephone: (323) 293-2314
4   Facsimile:  (323) 293-2350

5   Attorneys for Plaintiffs THE ESTATE OF KENNEY WATKINS and PRESCIOUS
    SASSER
6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 19 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA
8            COUNTY OF LOS ANGELES, CENTRAL DISTRICT

9   THE ESTATE OF KENNEY WATKINS, )   Case No.:
    PRESCIOUS SASSER, individually, as )        **BC 6 44 2 9 0**
10  successor in interest to KENNEY )
    WATKINS,                        )   PLAINTIFFS' COMPLAINT FOR
11                                  )
12                                  )   1) Wrongful Death
              Plaintiffs,           )   2) Negligence
13                                  )   3) Assault;
          vs.                       )   4) Battery;
14                                  )   5) Negligent Hiring, Training and
    CITY OF LOS ANGLES, LOS         )      Supervision;
15  ANGELES POLICE DEPARTMENT,      )   6) Bane Act Violations (Civil Code
    EVAN URIAS, and DOES 1          )      § 52.1)
16  THROUGH 25, INCLUSIVE,          )   7) Violation/Deprivation of Civil
                                    )      Rights Under Color of Law
17                                  )      Pursuant to the 4th and 14th
              Defendants            )      Amendments to the United
18                                  )      States Constitution (42 USC §
                                    )      1983)
19                                  )
                                    )      DEMAND FOR JURY TRIAL
20                                  )
                                    )
21  _____ )

22                                          By Fax

23

24      PLAINTIFFS THE ESTATE OF KENNEY WATKINS and PRESCIOUS

25  SASSER allege:

26                              **PARTIES**

27      1.    Plaintiff PRESCIOUS SASSER, is the surviving mother of Decedent

28  KENNEY WATKINS, and is a resident of the State of California, and presently

                                    1

                                                            COMPLAINT

                                            **EXHIBIT 2 PAGE 9**

1  resides in Los Angeles County. Plaintiff is pursuing the claims averred herein as
2  an individual and on behalf of KENNEY WATKINS as his personal representative
3  and successor in interest in accordance with California Code of Civil Procedure
4  §377.32 and 42 U.S.C. §§1983, 1985, 1986 and 1988 to seek redress for
5  Defendants' violations of his and KENNEY WATKINS'S rights under the Fourth
6  and Fourteenth Amendments of the United States Constitution.

7  2.  Defendant CITY OF LOS ANGELES ("CITY") is a municipal corporation
8  organized and existing under the laws of the State of California, and is a
9  "business establishment" within the meaning of sections 51 *et. seq.* of the
10  California Civil Code operating pursuant to its charter and the laws of the State of
11  California.

12  3.  Defendant LOS ANGELES POLICE DEPARTMENT (hereinafter
13  referred to as "LAPD") is a department within the CITY OF LOS ANGELES.

14  4.  Defendant EVAN URIAS is an officer of the LOS ANGELES POLICE
15  DEPARTMENT.

16  5.  Plaintiffs are unaware of the true names and capacities of those
17  Defendants sued herein as DOE Defendants. Plaintiffs will amend this complaint
18  to allege said Defendants' true names and capacities when that information
19  becomes known to them. Plaintiffs are informed, believe, and thereon allege that
20  these DOE Defendants are legally responsible and liable for the incident, injuries
21  and damages hereinafter set forth, and that each of said Defendants proximately
22  caused the injuries and damages by reason of negligent, careless, deliberately
23  indifferent, intentional, willful or wanton misconduct, including the negligent,
24  careless, deliberately indifferent, intentional, willful or wanton misconduct in
25  creating and otherwise causing the incidents, conditions and circumstances
26  hereinafter set forth, or by reason of direct or imputed negligence or vicarious
27  fault or breach of duty arising out of the matters herein alleged. Plaintiffs will
28

2

1   seek leave to amend this complaint to set forth said true names and identities of
2   the unknown named DOE Defendants when they are ascertained.

3       6.     Each of the named and unknown individual Defendants sued herein are
4   sued both in their individual and personal capacity, as well as in their official
5   capacity.

6       7.     Defendants and each of them at all times herein were the agents and
7   employees of their co-defendants and in doing these things hereafter alleged
8   were acting within the course and scope of their employment and agency and
9   with permission and consent of their co-defendants and employers.

10                  **FACTS COMMON TO ALL COUNTS**

11      8.     Plaintiffs have exhausted their administrative remedies by filing a claim
12  with the CITY OF LOS ANGELES.  Plaintiffs' claim was rejected on or about
13  November 7, 2016.

14      9.     This complaint concerns an incident which occurred on August 16,
15  2016 on Century Blvd., east of Figueroa Street in Los Angeles, California.

16      10.    LOS ANGELES POLICE DEPARTMENT OFFICER EVAN URIAS
17  ("URIAS") and DOE DEFENDANTS 1-10 of the LOS ANGELES POLICE
18  DEPARTMENT attempted a traffic stop of a vehicle in which decedent KENNEY
19  WATKINS was a passenger.

20      11.    KENNEY WATKINS exited the vehicle on foot and was pursued by
21  OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LOS ANGELES POLICE
22  DEPARTMENT.

23      12.    KENNEY WATKINS was subsequently fatally shot multiple times by
24  OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LOS ANGELES POLICE
25  DEPARTMENT.

26      13.    Both prior to and during the time in which he was assaulted and
27  battered as described above, the decedent KENNEY WATKINS was not armed
28  with any kind of weapon, and posed no reasonable threat of violence to any

3

COMPLAINT

**EXHIBIT 2 PAGE 11**

1   OFFICER, nor to any other individual.  When he was assaulted and battered by

2   OFFICER URIAS and DOE DEFENDANTS 1-10 of the LOS ANGELES POLICE

3   DEPARTMENT as described above, the decedent, KENNEY WATKINS made no

4   aggressive movements, no furtive gestures, and no physical movements which

5   would suggest to a reasonable officer that he was armed with any kind of

6   weapon, nor had the will, or the ability to inflict substantial bodily harm against

7   any individual.

8       14.     The decedent KENNEY WATKINS died as a direct and proximate result

9   of physical injuries sustained by the shooting, negligent tactics, and

10  unreasonable and excessive use of force inflicted upon him by OFFICER EVAN

11  URIAS, and DOE DEFENDANTS 1-10 of the LOS ANGELES POLICE

12  DEPARTMENT.

13      15.     Plaintiffs are informed and believe, and thereon allege, that OFFICER

14  EVAN URIAS, and DOE DEFENDANTS 1-10 of the LOS ANGELES POLICE

15  DEPARTMENT were negligently trained and retained by the CITY OF LOS

16  ANGELES in that they had known propensities for acting in the fashion that they

17  did with respect to this incident, all of which was a proximate cause of injuries

18  and death to the decedent, KENNEY WATKINS and all plaintiffs.

19                         **FIRST CAUSE OF ACTION**

20                            **(For Wrongful Death)**

21                   **(By All Plaintiffs Against All Defendants)**

22      16.     Plaintiffs reallege and reincorporate each and every allegation and

23  averment set forth in Paragraphs 1 through 15 of this complaint as though fully

24  set forth herein.

25      17.     This complaint concerns an incident which occurred on August 16,

26  2016 on Century Blvd., east of Figueroa Street in Los Angeles, California.

27

28

                                      4

18.     LAPD OFFICER EVAN URIAS ("URIAS"). and DOE DEFENDANTS 1-10 of the LAPD attempted a traffic stop of a vehicle in which decedent KENNEY WATKINS was a passenger.

19.     KENNEY WATKINS exited the vehicle on foot and was pursued by OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

20.     KENNEY WATKINS was subsequently fatally shot multiple times by OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

21.     Both prior to and during the time in which he was assaulted and battered as described above, the decedent KENNEY WATKINS was not armed with any kind of weapon, and posed no reasonable threat of violence to any OFFICER, nor to any other individual.  When he was assaulted and battered by OFFICER URIAS and DOE DEFENDANTS 1-10 of the LAPD as described above, the decedent, KENNEY WATKINS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he was armed with any kind of weapon, nor had the will, or the ability to inflict substantial bodily harm against any individual.

22.     The decedent KENNEY WATKINS died as a direct and proximate result of physical injuries sustained by the shooting, negligent tactics, and unreasonable and excessive use of force inflicted upon him by OFFICER EVAN URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

23.     Plaintiffs are informed and believe, and thereon allege, that OFFICER EVAN URIAS, and DOE DEFENDANTS 1-10 of the LAPD were negligently trained and retained by the CITY OF LOS ANGELES in that they had known propensities for acting in the fashion that they did with respect to this incident, all of which was a proximate cause of injuries and death to the decedent, KENNEY WATKINS and all plaintiffs.

24.     As a proximate result of the death of the Decedent and the above-described conduct of Defendants, and each of them, PRESCIOUS SASSER and

5

1   KENNEY WATKINS'S heirs have sustained substantial economic and non-
2   economic damages resulting from the loss of the love, comfort, society, attention,
3   services and support of Decedent in an amount according to proof at trial.

4       25.    As a further proximate result of the above-described conduct of the
5   Defendants, and each of them, and the ensuing death of the Decedent, KENNEY
6   WATKINS's heirs have incurred funeral and burial expenses in an amount
7   according to proof at trial.

8       26.    As a proximate result of the above-mentioned conduct of Defendants,
9   and each of them, Plaintiffs were required to employ and did employ physicians
10  to examine, treat and care for them, and incurred additional medical expenses for
11  emergency treatment, hospital bills, and other incidental medical expenses in an
12  amount according to proof at trial.

13  ## SECOND CAUSE OF ACTION

14  **(Survival Action by the ESTATE OF KENNEY WATKINS,**
15  **Against Defendant EVAN URIAS and DOE DEFENDANTS 1-10 for**
16
    **Negligence)**
17
        27.    Plaintiffs reallege and reincorporate each and every allegation and
18
    averment set forth in Paragraphs 1 through 26 of this complaint as though fully
19  set forth herein.
20
        28.    On August 16, 2016, decedent KENNEY WATKINS was fatally shot
21  multiple times by OFFICER URIAS and DOE DEFENDANTS 1-10 of the LAPD.
22
        29.    At no time during the course of these events did the decedent,
23  KENNEY WATKINS, pose any reasonable threat to OFFICER URIAS, or DOE
24  DEFENDANTS 1-10 of the LAPD, nor did he do anything to justify the force used
25  against him and the same was deadly, excessive, unnecessary, and unlawful.
26
        30.    At all times mentioned herein, URIAS and DOE DEFENDANTS 1-10 of
27  the LAPD owed KENNEY WATKINS a duty of care to avoid causing unnecessary
28  physical harm and distress in the execution and enforcement of the law.

6

COMPLAINT
**EXHIBIT 2 PAGE 14**

31.     By deliberately and intentionally shooting numerous rounds directly at KENNEY WATKINS, URIAS and DOE DEFENDANTS 1-10 of the LAPD intended to and did cause serious injury and death to KENNEY WATKINS. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions in shooting as they did and in killing KENNEY WATKINS.

32.     In conducting himself as alleged herein, URIAS AND DOE DEFENDANTS 1-10 of the LAPD breached their duty of care.

33.     As an actual and proximate result of URIAS' and DOE DEFENDANTS 1-10 of the LAPD'S acts, as alleged herein, conducted without due care in the execution and enforcement of the law, KENNEY WATKINS was killed.

## THIRD CAUSE OF ACTION

### (Survival Action by the ESTATE OF KENNEY WATKINS,
### Against All Defendants for Assault)

34.     Plaintiffs reallege and reincorporate each and every allegation and averment set forth in Paragraphs 1 through 33 of this complaint as though fully set forth herein.

35.     This complaint concerns an incident which occurred on August 16, 2016 on Century Blvd., east of Figueroa Street in Los Angeles, California.

36.     LAPD OFFICER EVAN URIAS ("URIAS") and DOE DEFENDANTS 1-10 of the LAPD attempted a traffic stop of a vehicle in which decedent KENNEY WATKINS was a passenger.

37.     KENNEY WATKINS exited the vehicle on foot and was pursued by OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

38.     KENNEY WATKINS was subsequently fatally shot multiple times by OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

39.     Both prior to and during the time in which he was assaulted and battered as described above, the decedent KENNEY WATKINS was not armed

7

1  with any kind of weapon, and posed no reasonable threat of violence to any
2  OFFICER, nor to any other individual. When he was assaulted and battered by
3  OFFICER URIAS and DOE DEFENDANTS 1-10 of the LAPD as described
4  above, the decedent, KENNEY WATKINS made no aggressive movements, no
5  furtive gestures, and no physical movements which would suggest to a
6  reasonable officer that he was armed with any kind of weapon, nor had the will,
7  or the ability to inflict substantial bodily harm against any individual.

8      40.    When KENNEY WATKINS was assaulted and battered by OFFICER
9  URIAS, and DOE DEFENDANTS 1-10 of the LAPD, the decedent, KENNEY
10 WATKINS made no aggressive movements, no furtive gestures, and no physical
11 movements which would suggest to a reasonable OFFICER that he was armed
12 with any kind of weapon, nor had the will, or the ability to inflict substantial bodily
13 harm against any individual.

14     41.    That evening the decedent KENNEY WATKINS died as a direct and
15 proximate result of the fatal gunshot wounds sustained at the hands of OFFICER
16 EVAN URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

17     42.    In doing the acts as alleged above, defendants intended to and did
18 cause an unlawful, non-consensual offensive contact with KENNEY WATKINS'S
19 person.

20     43.    As a result of defendants' acts as alleged above, KENNEY WATKINS,
21 in fact, was placed in great apprehension of harmful or offensive contact with his
22
23 person and was injured.

24     44.    The aforementioned acts and omissions alleged herein were intended
25 by each defendant to cause injury to KENNEY WATKINS, and the acts and
26 omissions were willful, wanton, malicious and oppressive, thereby justifying the
27 awarding of exemplary and punitive damages against each of the individual
28 defendants in an amount to be determined according to proof at trial.

8

## FOURTH CAUSE OF ACTION

### (Survival Action by the ESTATE OF KENNEY WATKINS,
### Against All Defendants for Battery)

45.     Plaintiffs reallege and reincorporate each and every allegation and averment set forth in Paragraphs 1 through 44 of this complaint as though fully set forth herein.

46.     On August 16, 2016, decedent KENNEY WATKINS was fatally shot multiple times by OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

47.     At no time during the course of these events did the decedent, KENNEY WATKINS, pose any reasonable threat to OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD, nor did he do anything to justify the force used against him and the same was deadly, excessive, unnecessary, and unlawful.

48.     When KENNEY WATKINS was assaulted and battered by OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD, the decedent, KENNEY WATKINS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable OFFICER that he was armed with any kind of weapon, nor had the will, or the ability to inflict substantial bodily harm against any individual.

49.     That evening the decedent KENNEY WATKINS died as a direct and proximate result of the fatal gunshot wounds inflicted upon him by OFFICER EVAN URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

50.     The aforementioned acts and omissions alleged herein were intended by each defendant to cause injury to KENNEY WATKINS, and the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

9

1

## FIFTH CAUSE OF ACTION

2

### (By All Plaintiffs Against Defendants CITY OF LOS ANGELES, LAPD and

3

### DOE DEFENDANTS 11-20 for

4

### Negligent Hiring, Training, and Supervision)

5     51.    Plaintiffs reallege and reincorporate each and every allegation and

6    averment set forth in Paragraphs 1 through 50 of this complaint as though fully

7    set forth herein.

8     52.    On August 16, 2016, decedent KENNEY WATKINS was fatally shot

9    multiple times by OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

10     53.    At no time during the course of these events did the decedent,

11    KENNEY WATKINS, pose any reasonable threat to OFFICER URIAS, or DOE

12    DEFENDANTS 1-10 of the LAPD, nor did he do anything to justify the force used

13    against him and the same was deadly, excessive, unnecessary, and unlawful.

14     54.    When KENNEY WATKINS was assaulted and battered by OFFICER

15    URIAS, and DOE DEFENDANTS 1-10 of the LAPD, KENNEY WATKINS made

16    no aggressive movements, no furtive gestures, and no physical movements

17    which would suggest to a reasonable OFFICER that he was armed with any kind

18    of weapon, nor had the will, or the ability to inflict substantial bodily harm against

19    any individual.

20     55.    That evening the decedent KENNEY WATKINS died as a direct and

21    proximate result of physical injuries sustained by the severe beating and

22    unreasonable restraint maneuvers inflicted upon him by the OFFICER EVAN

23    URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

24     56.    Plaintiffs are informed and believe, and thereon allege, that the involved

25    deputies and/or officers of the LAPD were Negligently Trained and Retained by

26    Doe Defendants 10-20 of the CITY OF LOS ANGELES and the LAPD in that

27    they had known propensities for acting in the fashion that they did with respect to

28

10

this incident, all of which was a proximate cause of injuries and death to the decedent, KENNEY WATKINS and all plaintiffs.

57.     As a result of these acts, the decedent was placed in great fear of his life and physical wellbeing.  Moreover, due to the wrongful, intentional and malicious acts of each of these defendants, the decedent suffered extreme pain and severe mental anguish, as well as mental and physical damage and injury to his mind and body.

58.     As a proximate result of the above-mentioned conduct of defendants, and each of them, the decedent was required to employ and did employ physicians and surgeons to examine, treat, and care for him, and incurred additional medical expenses for emergency treatment, hospital bills, and other incidental medical expenses and funeral and burial expenses in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### By Plaintiff THE ESTATE OF KENNEY WATKINS

### Against All Defendants

### for Bane Act Violations (Civil Code § 52.1)

59.     Plaintiffs reallege and reincorporate each and every allegation and averment set forth in Paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulations, policy, custom, practice or usage of a right, privilege, and immunity secured to KENNEY WATKINS by the Fourth, and Fourteenth Amendments to the United States Constitution.

61.     At all times mentioned herein, the Defendants CITY OF LOS ANGELES and the LAPD employed the individual Defendants herein.  Said Defendants provided their individual Defendant employees and agents with official badges

11

1  and identification cards which designated and described the bearers as
2  employees of the municipal defendants.

3      62.    During all times mentioned herein, the individual Defendants, and each
4  of them, separately and in concert, acted under color and pretense of law, under
5  color of the statutes, ordinances, regulations, policies, practices, customs and
6  usages of the LAPD.  Each of the individual Defendants here, separately and in
7  concert, deprived all plaintiffs of the rights, privileges and immunities secured to
8  them by the Fourth, and Fourteenth Amendments to the United States
9  Constitution and the laws of the United States.

10     63.    On August 16, 2016, decedent KENNEY WATKINS was fatally shot by
11  OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

12     64.    At no time during the course of these events did the decedent,
13  KENNEY WATKINS, pose any reasonable threat to OFFICER URIAS, or DOE
14  DEFENDANTS 1-10 of the LAPD, nor did he do anything to justify the force used
15  against him and the same was deadly, excessive, unnecessary, and unlawful.

16     65.    When KENNEY WATKINS was assaulted and battered by OFFICER
17  URIAS, and DOE DEFENDANTS 1-10 of the LAPD, the decedent, KENNEY
18  WATKINS made no aggressive movements, no furtive gestures, and no physical
19  movements which would suggest to a reasonable OFFICER that he was armed
20  with any kind of weapon, nor had the will, or the ability to inflict substantial bodily
21  harm against any individual.

22     66.    That evening the decedent KENNEY WATKINS died as a direct and
23  proximate result of physical injuries sustained by the fatal shooting inflicted upon
24  him by OFFICER EVAN URIAS, and DOE DEFENDANTS 1-10 of the LAPD.

25     67.    KENNEY WATKINS had a liberty interest to life and the right not to be
26  deprived of liberty or property without due process of law.  All of these rights and
27  privileges are secured to plaintiffs by the provisions of the Fourth Amendment
28  and the Due Process clause of the Fourteenth Amendments to the United States

Constitution, and by California Civil Code §§ 52, and 52.1. All of these interests were implicated by the wrongful conduct of the defendants which proximately caused KENNEY WATKINS'S death.

68.     Each of the individual defendants acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual defendants acted willfully, knowingly, with reckless disregard and callous indifference, and did in fact violate those rights and privileges, entitling plaintiffs to exemplary damages against the individual defendants, in their individual capacities, in an amount to be proven at the trial of this matter.

69.     As a direct and proximate result of the aforesaid acts, omission, customs, practices, policies and decisions of the defendants and each of them, plaintiffs have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, the loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial. Additionally, plaintiffs have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the vindication of their constitutional rights.

70.     As a result of these acts, plaintiffs were placed in great fear of their lives and physical wellbeing. Moreover, due to the wrongful, intentional, and malicious acts of each of these defendants, plaintiffs have suffered and will continue to suffer, extreme pain and severe mental anguish, as well as mental and physical damage and injury to their minds and bodies.

71.     As a proximate result of the above-mentioned conduct of defendants, and each of them, plaintiffs have been required to employ and did employ physicians and surgeons to examine, treat, and care for them, and incurred additional medical expenses for emergency treatment, hospital bills, and other incidental medical expenses in an amount according to proof at trial.

13

72. The aforementioned acts and omissions alleged herein were intended by each defendant to cause injury to plaintiffs, and were undertaken with a conscious disregard for the rights and safety of the plaintiffs as the acts and omissions were willful, wanton malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

73. Plaintiffs hereby demand attorneys' fees pursuant to section 52 of the California Civil Code.

## SEVENTH CAUSE OF ACTION

**(Pursuant to 42 U.S.C. § 1983 for Violations of Plaintiffs' Rights Under the Fourth and Fourteenth Amendments to the United States Constitution Against all Defendants)**

74. Plaintiffs reallege and reincorporate each and every allegation and averment set forth in Paragraphs 1 through 73 of this complaint as though fully set forth herein.

75. At all times mentioned herein, KENNEY WATKINS had a right under the Fourth Amendment to the United States Constitution to be free from excessive and unreasonable force, a right to be free from the unnecessary infliction of pain, suffering and torture, a right to life and a right to privacy. Under the Fourteenth Amendment to the United States Constitution, Plaintiffs had a cognizable right to a familial relationship with KENNEY WATKINS, as well as the related right to be free from unwarranted State interference with the same.

76. Defendants OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD, under color of law, used excessive and deadly force against KENNEY WATKINS without justification as averred herein. Defendants acted in reckless and callous disregard for the constitutional rights of Plaintiffs and KENNEY WATKINS thereby violating Plaintiffs' and KENNEY WATKINS'S rights under the Fourth and Fourteenth Amendments.

14

COMPLAINT
**EXHIBIT 2 PAGE 22**

77.     Plaintiffs seek general and special damages according to proof including damages for the pain and suffering KENNEY WATKINS endured prior to his death; damages for KENNEY WATKINS'S loss of the enjoyment of life's activities; and damages for the deprivation of Plaintiffs' constitutionally protected interest in the familial relationship, love, care, and companionship of their father, KENNEY WATKINS

78.     The wrongful conduct of Defendants, and each of them, is a typical example of a larger policy, pattern, practice, custom and usage of Defendants LAPD to deprive certain segments of the populace of their inalienable rights by committing, condoning, approving, overlooking and failing to prevent by proper discipline acts of excessive force; unwarranted use of deadly force; suppression, distortion, falsification, and fabrication of evidence; breaching duties imposed by California Government Code § 815.6 by filing false OFFICER reports in violation of California Penal Code § 118.1; not properly screening, hiring, training, testing, monitoring, supervising, disciplining or investigating potential misdeeds of LAPD deputies; negligent retention of said deputies and maintenance of a "code of silence," whereby no other deputies and/or officers, supervisor or policy maker would disclose or intervene to prevent and/or  would actively cover up the aforementioned misconduct.

79.     Plaintiffs are informed and believe, and thereupon aver, that the wrongful acts of employee Defendants, when viewed in the context of the enterprise of law enforcement, are broadly incidental to that enterprise, and are not so unusual or startling that it would seem unfair to include any losses suffered as a result of said acts among other costs of employer/municipality Defendants' business.

80.     Defendants, and each of them, acted at all times herein knowing that the established customs, policies, patterns, and practices of Defendant KERN COUNTY SHERIFFS DEPARTMENT allow a cover-up and allow the continued

COMPLAINT
**EXHIBIT 2 PAGE 23**

violation of the Fourth and Fourteenth Amendments of the Constitution of the
United States.

81.     Plaintiffs are informed and believe and thereon aver that Defendant
LAPD knew or in the exercise of reasonable care should have known of a history,
propensity and pattern, prior to and after the time of KENNEY WATKINS'S death,
for OFFICER URIAS, and DOE DEFENDANTS 1-10 of the LAPD, to falsify
evidence after the OFFICER's and/or officers use of excessive force; or to use
unreasonable, out of policy or unconstitutional OFFICER and/or officer tactics to
investigate OFFICER and/or officer use of force incidents.

82.   Prior to the circumstances leading to and following KENNEY
WATKINS'S death, which involved Defendants OFFICER URIAS'S, and DOE
DEFENDANTS 1-10 of the LAPD, the above referenced Defendants utilized
unreasonable OFFICER tactics that led to the unnecessary and unreasonable
use of excessive force and/or the use of unreasonable, out of policy or
unconstitutional OFFICER and/or officer tactics to investigate OFFICER and/or
officer use of force incidents, Defendants OFFICER EVAN URIAS, and DOE
DEFENDANTS 1-10 of the LAPD were the subject of prior complaints of
allegations of similar conduct and had been found by federal and/or state courts
to have violated constitutional rights in the course and scope and under color of
law in their capacities as KERN COUNTY SHERIFF'S Deputies.

83.     Notwithstanding this information and the history of OFFICER EVAN
URIAS, and DOE DEFENDANTS 1-10 of the LAPD, the LAPD failed to train,
supervise or discipline OFFICER EVAN URIAS, and DOE DEFENDANTS 1-10 of
the LAPD or other officers who used excessive force; falsified evidence after an
OFFICER and/or officer use of excessive force; used unreasonable OFFICER
and/or officer tactics which led to the unnecessary and unreasonable use of
excessive force; or used unreasonable, out of policy or unconstitutional

16

COMPLAINT
**EXHIBIT 2 PAGE 24**

1  OFFICER and/or officer tactics to investigate OFFICER and/or officer use of
2  force incidents.

3      84.    Defendants' disregard of this knowledge or failure to adequately
4  investigate and discover this policy, pattern, practice, custom and usage of
5  constitutional violations or the existence of facts that create the potential of
6  unconstitutional acts, violated their duty to supervise, train and instruct their
7  subordinates to prevent similar acts to other persons.

8      85.    Defendants' failure to take steps to train, supervise, investigate or
9  instruct OFFICER EVAN URIAS, and DOE DEFENDANTS 1-10 of the LAPD,
10  resulted in the use of excessive force and unjustified deadly force ultimately
11  killing KENNEY WATKINS

12      86.    Defendants had a policy, pattern, practice, custom and usage that
13  resulted in their failure to take steps to train, supervise, investigate or instruct
14  Doe Defendants to use alternatives to deadly force when attempting to
15  apprehend a person.  Defendants knew or should have known from OFFICER
16  EVAN URIAS, and DOE DEFENDANTS 1-10 of the LAPD'S own experience and
17  the experience of other law enforcement departments nationwide that with a
18  person fleeing from deputies, reasonable alternatives to force, especially deadly
19  force, must be employed consistent with the constitutional duty to refrain from the
20  unnecessary taking of human life. Notwithstanding this knowledge, Defendants
21  failed to train OFFICER EVAN URIAS, and DOE DEFENDANTS 1-10 of the
22  LAPD and other LAPD deputies and supervisors in crisis management and
23  alternatives to the use of deadly force and instead maintained an unconstitutional
24  policy, custom and/or practice that a person fleeing who initially does not respond
25  to verbal commands must be attacked with deadly force in order to arrest and
26  obtain compliance.

27      87.    The aforementioned acts of the Defendants and each of them were
28  willful, wanton, malicious and oppressive and thereby justifies the awarding of

17

1  exemplary and punitive damages.  Further, Plaintiffs are entitled to, and do seek,
2  attorney's fees pursuant to 42 U.S.C. § 1988.

3      WHEREFORE, plaintiff prays for judgment against defendants and each of
4  them as follows:

5      1.    For burial and funeral related expenses according to proof at trial;

6      2.    For general damages in an amount to be determined according to
7          proof at trial;

8      3.    For medical and related expenses according to proof at trial;

9      4.    For costs of suit incurred herein;

10      5.    For punitive damages against EVAN URIAS and individual DOE
11          DEFENDANTS 1-20 of the LAPD in an amount to be determined
12          according to proof at trial;

13      6.    For attorneys' fees, investigation fees, and expert witness fees
14          incurred herein; and

15      7.    For such other and further relief as the court may deem just and
16          proper.

17

18  DATED: December 16, 2016         **LAW OFFICE OF MICHAEL J. CURLS**

19

20

21                      By:_____

22                      Nichelle D. Jones, Attorneys for
23                      Plaintiffs THE ESTATE OF KENNEY
                    WATKINS, *et al.*

24

25

26

27

28

**EXHIBIT 2 PAGE 26**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury through their counsel of record as to all issues so triable.

DATED: December 16, 2016                    **LAW OFFICE OF MICHAEL J. CURLS**

By:_____
Nichelle D. Jones, Attorneys for
Plaintiffs ESTATE OF KENNEY
WATKINS, *et al.*

19

COMPLAINT

**EXHIBIT 2 PAGE 27**